JNO. MCGEORGE, ET AL. *v.* D. Y. LYTLE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—526.]

**Deed of Conveyance as Surety for Debt.**

When land is conveyed to secure a debt the grantee holds it as trustee for the real owner; and where the grantor remains in possession, such possession is enough to place buyers from such grantee upon their guard.

APPEAL FROM BELL CIRCUIT COURT.

January 16, 1886.

OPINION BY JUDGE PRYOR:

It is apparent from the testimony in this case that Dishman held a lien on the land purchased of McGeorge as a security for his debt. That was the object Dishman had in making the purchase, both under the original execution and under the writ by which the equity of redemption was sold. Dishman was invested with the title, but he held it in trust for McGeorge. McGeorge and his children had never surrendered possession when this suit was brought, and when the purchase from Dishman by Brittain was made this equity was in McGeorge and Brittain knew it. His object in buying was to secure a debt that McGeorge owed him, and when Lytle bought it was to secure a debt Brittain owed him, each purchaser buying with a knowledge of McGeorge's right to hold the land and to sell portions of it to pay the debt. The possession of the land was sufficient to put these parties on inquiry. The time for redemption had long passed, and the holding was in the nature of a mortgage only. McGeorge had, in fact, sold a part of the land to his son, and Dishman executed a deed, applying the purchase-money to his indebtedness.

The chancellor below should have sold the land to satisfy the liens of these purchasers, the amount paid by Brittain to Dishman, the amount of Brittain's debt, and any amount paid by Lytle to Brittain over and above the sum Brittain had paid for it. The sum paid

Dishman by Brittain and the Brittain debt was the amount paid by Brittain for the land. If Lytle has paid over that sum to that extent he will be entitled in addition to what Brittain has paid. This is on the supposition that Lytle has paid Brittain. Some of the heirs of McGeorge have purchased of Lytle and acquired his title, waiving their right to redeem; to the extent of their purchases from him he should be protected, and the portions purchased alloted to them, if it can be done in the division. The judgment is reversed and remanded with directions to sell the land to satisfy the liens, except so much as has been purchased by the heirs of McGeorge, to that extent the lien claim must be credited. Judgment *reversed* and remanded for proceedings consistent with this opinion.

*Jno. L. Scott, for appellants.*

*Hargis & Eastin, for appellees.*

[Cited, *Coppage v. Murphy,* 24 Ky. L. 258, 68 S. W. 416.]